Vincent A. Lupiano, J.
The third-party defendant Atlanta Novelty Mfg. Corp. seeks a separate trial of all the third-party actions on the ground that prejudice will result to this defendant from a combined trial of all the actions;
The plaintiff ordered toys from the defendant Bantam. The plaintiff alleges that the toys were defective because of an odor emanating from the foam rubber content. The plaintiff brought suit against Bantam for breach of warranty and sought in connection therewith special damages. Bantam purchased the toys from the third-party defendant Atlanta Novelty Mfg. Corp. Bantam therefore served a third-party summons upon the third-party defendant Atlanta. However, Atlanta was not the supplier of the foam rubber and therefore served a third-party complaint upon its suppliers. One of these third-party defendants was supplied by G-reenpoint Fibre Mill and Waste Co., Inc., which was brought into the action by this third-party defendant. It is claimed that because of the complexity of the original action and the third-party actions that the third-party actions should be severed.
Section 193-a of the Civil Practice Act provides: “ Third-party practice; courts to which applicable. 1. After the service of his answer, a defendant may bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff’s claim against him, by serving as a third-party plaintiff upon such person a summons and copy of a verified complaint. The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff.”
Pursuant to this section the defendant has brought in a party not a party to the action who is or might be liable to him, for all or part of the plaintiff’s claim against him. Likewise, the suppliers brought in the parties that might be liable over to them because of the claim of the plaintiff. All of these claims are related to the main action by questions of law or fact common to all the controversies. This brings the action squarely within section 193-a of the Civil Practice Act cited above. The motion for a separate trial is therefore denied.
The third-party defendant also seeks an examination before trial. In support of the motion for a severance the third-party defendant Atlanta has urged that the matter involves complicated issues and questions of law and fact. While these issues were not complicated enough so as to warrant a separate trial, they are such that all the parties to the action should be *710 fully prepared by way of pretrial procedure so as to clearly present the issues in the action.
The case is close to trial. A notice of examination was served and a notice to vacate made returnable on the date of trial. The moving party now seeks to have that examination before the trial. As already stated, pretrial procedure should be completed before trial. In a companion motion a bill of particulars has been ordered.
Accordingly, the plaintiff will appear for examination at Special Term, Part II of this court on January 3, 1957, at 10:00 a.m. and the trial is stayed until completion of the examination and service of the bill of particulars.